UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.

**05-22798**

**CIV-ALTONAGA**

**MAGISTRATE JUDGE
TURNOFF**

SALVATORE PELULLO and THE INDUSTRY
HOTEL GROUP, LLC,

        Plaintiff,

v.

GARY KOPPELMAN,

        Defendant.

_____/

## COMPLAINT

Plaintiffs, SALVATORE PELULLO ("Pelullo"), and THE INDUSTRY HOTEL GROUP LLC ("IHG"), sue the Defendant, GARY KOPPELMAN ("Koppelman"), and state:

## PARTIES

1.    Plaintiff Pelullo is an individual who resides in Philadelphia, Pennsylvania, and is over the age of majority and otherwise sui juris.

2.    Plaintiff IHG is a Florida corporation with its principal place of business in Miami-Dade County, Florida, engaged in the business of marketing and promoting parties, events and business functions.

3.    Defendant Koppelman is an individual who resides in Philadelphia, Pennsylvania, and is over the age of majority and otherwise sui juris.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter in this action pursuant to 28 U.S.C. Sections 1331 and 1338.  This Court also has jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. Section 1367(a).

5.      Venue is proper in this district pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

6.      This Court has personal jurisdiction over the Defendants under Section 48.193, Fla. Stat., because the Defendants:

(a)      Operated, conducted, engaged in, or carried on a business or business venture in this state.

(b)      Committed a tortious act within this state.

(c)      Caused injury to Plaintiffs within this state, and/or

(d)      Breached a contract in this state by failing to perform acts required by the contract to be performed in this state.

## PRELIMINARY ALLEGATIONS

7.      On or about late, 2004, Pelullo created and delivered a business idea to promote parties and events at hotels targeted to the entertainment industry.

8.      On or about late, 2004, Pelullo developed and created the name "The Industry Hotel Group," which he used for his business (hereinafter called the "Mark.")

9.      Starting in early 2005, and continuing, Pelullo has used the Mark in commerce to market his business which he has used in commerce on flyers, letters, announcements, contracts and advertisements.

10.      The Mark has never been assigned or licensed to the Defendant.

2

11.    Plaintiff Pelullo has expended substantial time, money and other resources developing, advertising and otherwise promoting the Mark.

12.    On or about July, 2005, Defendant contacted Pelullo stating its desire to collaborate with Plaintiff in the development of a party to take place in conjunction with the Video Music Awards in Miami Beach, Florida, in August 2005 (the "VMA Party"). The parties entered into an oral agreement in which Plaintiff would give Defendant one-third of the profits derived from the VMA Party.

13.    At all times relevant, Defendant understood that the VMA Party would be produced by Defendant's based upon Plaintiff's concept and the use of Plaintiff's Mark.

14.    From February 2005 to August 2005, Plaintiff Pelullo and Defendant Koppelman worked together in South Florida to produce the VMA Party under the terms of the oral agreement and using the Plaintiff's Mark.

15.    On or about February 24, 2005, Defendant Koppelman registered a web address for theindustryhotelgroup.com.

16.    At all times relevant, the Plaintiff believed Plaintiff's actions in the development of his business concept and in furtherance of the development of the Mark would be for the benefit of Plaintiff.

17.    Plaintiff has never given permission to the Defendant to utilize his ideas, concepts or the Mark in connection with the Defendant's web address.

18.    Defendant has not compensated Plaintiff for utilization of the Mark.

19.    All conditions precedent to bringing this action have been performed or waived.

3

## COUNT I
## <u>VIOLATION OF ANTI-CYBER SQUATTING</u>
## <u>CONSUMER PROTECTION ACT</u>

Plaintiffs reallege and incorporate the allegations of Paragraphs 1-19 as if set forth in full herein.

20.     This is a claim for violation of the Anti-Cyber Squatting Consumer Protection Act, 15 U.S.C. §1125(d) as a result of the Defendant's registration of theindustryhotelgroup.com.

21.     Defendant intentionally registered the name "The Industry Hotel Group" knowing it was a Mark developed and used by the Plaintiff.

22.     Defendant's use was intended to cause confusion on the minds of consumers.

23.     Defendant's acts were in bad faith and with the intent to profit from the use of the Mark developed by the Plaintiff.

WHEREFORE, for the reasons set forth above, Plaintiffs Pelullo and IHG ask this Court to enter judgment in their favor and require Defendant Koppelman to abandon use of theindustryhotelgroup.com and to pay Plaintiffs their attorneys' fees pursuant to 15 U.S.C. §1117(a) and such further relief deemed fair and just.

## COUNT II
## <u>BREACH OF IMPLIED CONTRACT</u>

Plaintiffs reallege and incorporate the allegations of Paragraphs 1-19 as if set forth in full herein.

24.     This is a claim for breach of an implied contract.

25.     The ideas embodied within the creation of Plaintiff's business plan are novel.

4

26.     Plaintiff presented the ideas for his business plan to Defendant Koppelman as a business proposition with the understanding that Defendant Koppelman would retain those ideas and concepts in confidence.

27.     Plaintiff Pelullo presented the ideas of the business plan to Defendant Koppelman with the understanding and expectation that Defendant Koppelman would not use the ideas and concepts independent of Plaintiff.

28.     Defendant Koppelman has adopted and use the ideas embodied within Plaintiff's business plan.

29.     Plaintiff has been damaged because of Defendant Koppelman's breach of the implied contract.

WHEREFORE, for the reasons set forth above, Plaintiffs Pelullo and IHG demand judgment in their favor against Defendant Koppelman.

## COUNT III
## TEMPORARY AND PERMANENT INJUNCTION

Plaintiff realleges and incorporates the allegations of Paragraphs 1-19 as if set forth in full herein.

30.     This is a claim for a temporary and permanent injunction.

31.     Plaintiffs have invested substantial resources in creating its business plan and the Mark.

32.     If Defendant Koppelman is allowed to continue exploiting Plaintiff's ideas and the Mark, Plaintiffs would be irreparably harmed in their ability to market and exploit the Plaintiff's business plan and the Mark.

5

33.     Defendant Koppelman never obtained Plaintiffs' permission to use Plaintiff's business plan and/or the Mark.

34.     Plaintiffs do not have an adequate remedy at law.

35.     Public policy favors the issuance of an injunction to prevent the Defendants from exploiting Plaintiffs' ideas and concepts.

WHEREFORE, Plaintiffs demand that the Court enter an Order:

(a)     Enjoining the Defendant from utilizing the Mark or any mark that is similar thereto; Including the Industry Hotel Corp.com

(b)     Enjoining the Defendant from further use of Plaintiff's business plan; and

(c)     Requiring the Defendant to cause all of his agents, distributors, wholesalers and retailers to stop marketing, selling, shipping or distributing copies of any printed material containing the Mark.

## COUNT IV
## TRADEMARK INFRINGEMENT (STATUTORY)

Plaintiffs reallege and incorporate the allegations of Paragraphs 1-19 as if set forth in full herein.

36.     This is a claim for statutory trademark infringement, based upon Defendant's promotion, exploitation, advertisement and sale of a mark identical to Plaintiff's Mark.

37.     Defendants' actions constitute infringement of Plaintiff's Mark in violation of Plaintiff's rights under §32 of the Lanham Act and 15 U.S.C. §1114.

38.     Defendant's infringing activities are likely to cause or actually are causing confusion, mistake and/or deception among members of the consumer public as to the origin and quality of Defendant's promotions and events.

6

39.    Defendant's unlawful actions of promoting events and parties under the Mark have caused and are continuing to cause damages to Plaintiffs.

40.    Defendant, unless restrained by the Court, will continue to cause serious irreparable harm and damage to Plaintiffs.

WHEREFORE, for the reasons set forth above, Plaintiffs Pelullo and IHG demand judgment in their favor directing Defendant Koppelman to account to Plaintiffs for all profits or revenues derived by Defendants from the exploitation of the Mark, together with treble damages of the amount of such award and directing Defendants to pay Plaintiffs their reasonable attorneys' fees, costs and disbursements incurred in this action.

**COUNT V**
**COMMON LAW TRADEMARK INFRINGEMENT**

Plaintiffs reallege and incorporate the allegations of Paragraphs 1-19 as if set forth in full herein.

41.    This is a claim for common law trademark infringement.

42.    Plaintiffs have created and own common law rights to Plaintiff's Mark.

43.    Defendant has promoted, advertised and sold products and services under the identical Mark and has done so knowingly and intentionally and acted to infringe upon Plaintiffs' Mark.

44.    Defendant's actions constitute infringement of Plaintiffs' Mark.

45.    Defendants' infringing activities are likely to cause or actually are causing confusion, mistake and/or deception among members of the consumer public as to the origin and quality of Defendant's events and promotions.

7

46.     Defendant's unlawful actions of offering low quality services under the Plaintiff's Mark have caused and are continuing to cause damages to Plaintiffs.

47.     Defendants, unless restrained by the Court, will continue to cause serious irreparable harm and damage to Plaintiffs.

WHEREFORE, for the reasons set forth above, Plaintiffs Pelullo and IHG demand judgment in their favor for damages and directing Defendant Koppelman to account to Plaintiffs for all profits or revenues derived by Defendants from the exploitation of the Plaintiff's Mark.

**COUNT VI**
**UNJUST ENRICHMENT**

Plaintiffs reallege and incorporate the allegations of Paragraphs 1-19 as if set forth in full herein.

48.     This is a claim for unjust enrichment.

49.     Defendant has used Plaintiff's business plan and Mark, which conferred a benefit upon Defendant.

50.     Defendant appreciated and accepted the benefit of Plaintiff's Mark and business plan.

51.     Under the circumstances, it would be inequitable for the Defendant Koppelman to retain the benefit of Plaintiff's concepts, ideas and Mark, without paying Plaintiffs the value of such benefits.

WHEREFORE, for the reasons set forth above, Plaintiffs Pelullo and IHG demand judgment in their favor and against Defendant Koppelman.

8

**WOLFE & GOLDSTEIN, P.A. · 100 S.E. Second Street, Suite 3300 · Miami, Florida 33131**
**Telephone: (305) 381-7115 · Facsimile: (305) 381-7116**

## COUNT VII
## VIOLATION OF §43 OF THE LANHAM ACT (UNFAIR COMPETITION)

Plaintiffs reallege and incorporate the allegations of Paragraphs 1-19 as if set forth in full herein.

52.    This is a claim for violation of §43 of the Lanham Act.

53.    The Mark has become associated with the Plaintiffs and identifies Plaintiffs as the source of entertainment and promotional products.

54.    The Mark used by the Defendant is substantially identical to Plaintiffs' Mark.

55.    The use by the Defendants of Plaintiffs' Mark constitutes deliberate and willful copying of Plaintiffs' Mark.

56.    Defendant's acts constitute unfair competition in violation of §43 of the Lanham Act.

57.    Because of Defendant's conduct, Plaintiffs have suffered and will continue to suffer damage.

58.    Because of Defendant's conduct, Defendant has caused damage and, unless enjoined by the Court, will continue to cause immediate and irreparable harm to Plaintiffs for which there is no adequate remedy at law.

WHEREFORE, for the reasons set forth above, Plaintiffs Pelullo and IHG demand judgment in their favor for damages and against Defendant Koppelman, together with a temporary and permanent injunction.

## COUNT VIII
## COMMON LAW UNFAIR COMPETITION

Plaintiffs reallege and incorporate the allegations of Paragraphs 1-19 as if set forth in full herein.

9

59.   This is a claim for common law unfair competition.

60.   This is a count for common law unfair competition.

61.   With full knowledge of Plaintiffs' use of the Mark, Defendant has exploited the Mark in direct competition with Plaintiffs' products.

62.   Defendants' acts constitute common law unfair competition.

63.   Because of Defendant's actions, Defendant has profited and unless such conduct is enjoined by this Court will continue to earn unjust profits by misappropriating the time and money that Plaintiffs have invested in creating the business plan and the Mark.

64.   Because of Defendant's conduct, Plaintiffs have been damaged.

WHEREFORE, for the reasons set forth above, Plaintiffs Pelullo and IHG demand judgment in their favor and against the Defendant Koppelman.

### COUNT IX
### VIOLATION OF §495.151, FLA. STAT.
### (FLORIDA UNFAIR COMPETITION ACT)

Plaintiffs reallege and incorporate the allegations of Paragraphs 1-19 as if set forth in full herein.

65.   This is a claim for unfair competition under §495.151, Fla. Stat.

66.   With full knowledge of Plaintiffs' use of the Mark, Defendant has exploited the Mark in direct competition with Plaintiffs' products and services.

67.   The acts of Defendant constitute unfair competition in violation of §495.151, Fla. Stat.

68.   Defendant has profited from his wrongful actions taken against the Plaintiffs and unless Defendant's conduct is enjoined by this Court, Defendant will continue to earn unjust profits by misappropriating the time and money that Plaintiffs invested in creating the Mark.

10

69.     Plaintiffs have been damaged by Defendant's conduct.

WHEREFORE, for the reasons set forth above, Plaintiffs Pelullo and IHG demand judgment in their favor and against Defendant Koppelman.

## COUNT X
## VIOLATION OF §501.204, FLA. STAT.

Plaintiffs reallege and incorporate the allegations of Paragraphs 1-19 as if set forth in full herein.

70.     This is a claim for violations of §501.204, Fla. Stat.

71.     With full knowledge of Plaintiffs' use of the Mark, Defendant has exploited the Mark in direct competition with Plaintiffs' products and services.

72.     The acts of Defendant constitute unfair competition in violation of §501.204, Fla. Stat.

73.     Defendant has profited from his wrongful actions taken against the Plaintiffs and unless Defendant's conduct is enjoined by this Court, Defendant will continue to earn unjust profits by misappropriating the time and money that Plaintiffs invested in creating the Mark.

74.     Plaintiffs have been damaged by Defendant's conduct.

WHEREFORE, for the reasons set forth above, Plaintiffs Pelullo and IHG demand judgment in their favor and against Defendant Koppelman.

11

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury.

DATED:          October 31, 2005

> WOLFE & GOLDSTEIN, P.A.
> 100 S.E. Second Street, Suite 3300
> Miami, Florida 33131
> Telephone: (305) 381-7115
> Facsimile: (305) 381-7116
>
> By:
> RICHARD C. WOLFE
> FL Bar No. 355607
> MARK GOLDSTEIN
> FL Bar No. 882186

H:\Pelullo Salvatore\Entertainment Matters\Pldgs\v. Koppelman (Federal)\complaint.doc

12

JS-44
(Rev. 12/96)

# CIVIL COVER SHEET

05-22798

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**
Salvatore Pelullo and the Industry Hotel Group, LLC

**DEFENDANTS**
Gary Koppelman ALTONAGA

MAGISTRATE JUDGE
TURNOFF

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Miami-Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

Dade |05-22798-co Altonaga

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Turnoff
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard C. Wolfe, Esq.
Wolfe + Goldstein, P.A.
100 SE Second Street, Suite 3300, Miami, FL 33131

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: (DADE,) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION     (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☒2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT     (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | PERSONAL INJURY | PERSONAL INJURY | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury – Med Malpractice | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers Liability | | B☐ 630 Liquor Laws | A PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | PERSONAL PROPERTY | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | B☐ 690 Other | B SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | A LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | A☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions A OR B |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

15 U.S.C. Section 1114

LENGTH OF TRIAL
via __ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  10/31/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

$ 250.00   929751

11/01/05

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____